◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM LUPO, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated October 9, 1962, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered April 22, 1958 after a jury trial, convicting him of grand larceny in the first degree and grand larceny in the second degree, and imposing sentence. The judgment of conviction was previously affirmed by this court (13 A D 2d 684, motion for reargument denied 13 A D 2d 803, motion for leave to appeal to the Court of Appeals denied June 21, 1961 [FULD, J.], motion for reargument of this application denied July 31, 1961 and October 25, 1961, cert. denied 369 U. S. 807). Order affirmed. Defendant contends that the District Attorney knowingly suppressed material evidence favorable to him — the defendant. An examination of the trial record, however, clearly discloses that defendant's attorney not only knew of the existence of the alleged alibi witnesses, but also was aware of the fact that at least one of them had given a statement to the District Attorney which defendant now claims was suppressed. Under these circumstances, it is our opinion that there is no merit to the defendant's present claim (cf. *People* v. *Byrnes,* 18 A D 2d 941) and that the court was justified in denying the application without a hearing thereon (*People* v. *Brown,* 7 N Y 2d 359). Beldock, P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM PELLIGRINO MASSELLI, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Orange County, dated December 13, 1962, which denied without a hearing his second (the present) application to vacate a judgment of said court, rendered March 24, 1958 on his plea of guilty, convicting him of robbery in the first degree, unarmed, and imposing sentence. Order reversed on the law and matter remitted to the County Court, Orange County, for a hearing and for further proceedings not inconsistent herewith. No questions of fact were considered. The instant petition sufficiently alleges that the District Attorney in a conversation with defendant induced him to plead guilty on the promise that other pending warrants would be "dropped," and that they were not "dropped." The opposing papers contain no explanation or denial of this transaction. Hence, an issue of fact is raised as to whether the plea was procured by false promises of leniency made by representatives of the State (see *People* v. *Picciotti,* 4 N Y 2d 340; *People* v. *Emmons,* 17 A D 2d 1029; *People* v. *Hughes,* 8 A D 2d 302; cf. *People* v. *Richetti,* 302 N. Y. 290). That issue was not passed upon in the prior application for *coram nobis* (16 A D 2d 704 [motion for leave to appeal to Court of Appeals denied by FULD, J.]). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.